## S. W. SHATTUCK v. ROBERT ROGERS et al.

1. DEED — *Assumption of Mortgage — Evidence of Prior Parol Agreement.* In an action brought to charge the alleged grantee of mortgaged premises with the assumption of the mortgaged debt, under a clause contained in the deed of conveyance to him, it is error to admit evidence of a prior parol agreement, in pursuance of which such deed was executed.

2. BURDEN OF PROOF — *Erroneous Instruction.* In such an action, where there is a controversy as to whether there was an absolute and unqualified delivery of the deed, and as to whether the instrument claimed to have been delivered contained the name of the defendant as grantee, it is error to instruct the jury that the burden of prov-

ing that the delivery of the deed was conditional, and that such deed contained the name of a person other than the defendant, rested on the defendant. It was incumbent on the plaintiff to prove a delivery to and acceptance by the defendant of the deed, and to prove that it was a deed conveying the mortgaged property to the defendant himself.

*Error from Harvey District Court.*

THE opinion states the nature of the action and the material facts. A personal judgment was rendered against the defendant *S. W. Shattuck*, who brings the case here.

*S. W. Shattuck, jr.*, for plaintiff in error.

*Bowman & Bucher*, and *Ady, Peters & Nicholson*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the Vermont Investment & Guaranty Company against Robert Rogers and wife, S. W. Shattuck, and S. W. Shattuck, jr., but was afterward dismissed as to S. W. Shattuck, jr. The plaintiff sought to recover judgment against all the defendants on a bond for $2,000, executed by the defendants Rogers and wife, and to foreclose a mortgage on certain property in Sedgwick City, given to secure the same. The petition alleges that the defendants S. W. Shattuck and S. W. Shattuck, jr., purchased the real estate covered by the mortgage and assumed payment of the mortgage debt. The only issue in the case was as to the liability of S. W. Shattuck. He denies having received any deed for the mortgaged property, and denies any assumption of the debt.

Many questions are discussed at length in the briefs, most of which, however, it will not be necessary to mention. It is contended that suit on the bond and mortgage was prematurely brought, because there was no notice of an election by the plaintiff to treat the whole sum as due. The mortgage provides that on failure to pay any part of principal or interest, the whole shall become due, at the option of the holder,

without notice. There is no room left for construction. The mortgage itself answers this contention.

The alleged deed from Rogers and wife to Shattuck was not introduced in evidence, nor was any copy produced. Robert Rogers testified, on behalf of the plaintiff, that he executed a deed for the mortgaged premises, and gave it to Mr. Shattuck, who took it, read it, and put it back on his safe or shelf; that the deed was written by Mr. Shattuck himself. The defendant Shattuck was then called, and testified that he did not have the deed, and that he never had it filed for record. Rogers was then recalled, and testified, over the objection of Shattuck, to the contents of the deed, and that it contained a clause under which Shattuck assumed the payment of the mortgage. We do not think the loss or destruction of the instrument was fairly shown before this evidence was offered, and therefore there was not sufficient foundation laid for its introduction. Whether the testimony subsequently introduced was sufficient to render the error immaterial, we do not deem it necessary now to consider, as other questions are decisive of the case.

Objection was made to the testimony of G. L. Anderson (before whom it is alleged the deed was acknowledged) with reference to its contents. Anderson does not claim to have been present at the time of the delivery of the deed. We think it competent for the plaintiff to show that the deed which was exhibited to Anderson was in fact delivered without change to Shattuck, and thereupon to show by Anderson the contents of the deed — this, of course, only after the loss or destruction of the instrument has been shown. This testimony of Anderson could have no bearing on the question of the delivery of the instrument, and could only be used for the purpose of showing its contents, leaving the questions as to its delivery, and the identity of the deed shown to the witness with that in fact delivered, to be shown by other evidence, and in admitting the testimony, we think the court should inform the jury as to the purpose for which it is allowed.

After the testimony for the defendant was concluded, the

witness Robert Rogers was recalled and asked this question: "Mr. Rogers, you may state the conversation which you had with Mr. Shattuck during the negotiations pertaining to the sale of this piece of property in Sedgwick City that we have been talking about to-day." The court, over the objection of the defendant, permitted this question to be answered, and allowed the witness to testify fully as to this conversation. This was error, highly prejudicial to the defendant. ( *Willard v. Ostrander*, 46 Kas. 591; *Rich v. Cattle Co.*, 48 id. 197.)

1. Deed—assumption of mortgage—evidence of prior parol agreement.

What the negotiations were leading up to the execution of the deed was wholly unimportant. The questions to be determined were whether a deed was in fact delivered and accepted, and, if so, what provisions it contained. Among the instructions given to the jury, we find the following:

"11. The jury are instructed that if there were not a complete acceptance of the deed by Shattuck, that is, if Shattuck and Rogers agreed that the deed should not be considered delivered until the other documents were also delivered, in that case there was no delivery of the deed without the delivery of the other papers, unless you believe that Shattuck afterward waived the said conditions, and treated the deed as delivered by collecting rents, and accepting its benefits.

"12. The burden of proving that the delivery of the deed was conditional is upon the defendant Shattuck, and the fact must be proven by the greater weight of evidence."

"14. The defendant Shattuck further insists that the paper which he drew up and handed to Robert Rogers to be executed as a deed of the Sedgwick City property in question, contained the name of one S. W. Shattuck, jr., as grantee, and that it was so understood and agreed by defendant Shattuck and defendant Rogers, and that said defendant S. W. Shattuck was only acting for said S. W. Shattuck, jr. If the jury find that the deed in question was made to S. W. Shattuck, jr., and not to the defendant S. W. Shattuck, then you cannot find a verdict against the defendant S. W. Shattuck.

"15. But the said defendant Shattuck must prove by the greater weight of evidence that the deed was so made."

The twelfth and fifteenth instructions above quoted are erroneous. In order to make out its case, the burden rested

on the plaintiff to prove the absolute unconditional delivery of the deed, or, if at first delivered conditionally, a subsequent compliance with the conditions. The burden also rested on the plaintiff to show that the deed delivered was a deed conveying the property to the defendant Shattuck. The claim that the handing of an instrument by one person to another raises a presumption of an unqualified delivery of the instrument, and that the fact of the delivery of an instrument, in form a deed, raises a presumption that the deed runs to the party to whom it is delivered, and that the burden rests on him to rebut these presumptions, is not sound. It was incumbent on the plaintiff to make out his case by proof. The defendant was not called on to produce a particle of evidence 2. Burden of until the plaintiff had shown a delivery of a deed proof—errone- to him, which, in fact, conveyed the property, ous instruc- and conveyed it to him, that such deed was accepted and received by the defendant, and contained a clause by which he assumed the payment of the mortgage debt. These errors are important. The defendant denied acceptance of the deed by him, denied that the deed handed him was drawn as a deed conveying the property to him. He also denied that the deed he drew contained a clause by which he assumed the payment of the whole mortgage debt, but claimed that he assumed the payment of one coupon only. The plaintiff should have been required to prove its case by a preponderance of the evidence. For these errors the judgment must be reversed and a new trial ordered.

All the Justices concurring.