### THE KANSAS LOAN & TRUST COMPANY v. GIBSON GILL et al.

#### No. 98.

1. NOTE AND MORTGAGE—*Construed Together.* A note and the mortgage securing the same should be construed as parts of one transaction; and the conditions of the mortgage, when not in conflict with the terms of the note, as to the effect of a default in the payment of interest when due, govern the rights of the parties respecting that matter.

2. ———— *Default not Waived by Delay.* When the conditions of a mortgage provide that, upon a failure to pay interest when due, the holder of the morgage may, at his option, declare the whole sum due, and foreclose the mortgage, the right to exercise the option exists as long as the default continues; and it is not waived by a mere delay, which has not operated to the benefit of the mortgagee nor to the detriment of the mortgagor.

MEMORANDUM.—Error from Mitchell district court ; CYRUS HEREN, judge. Action by The Kansas Loan & Trust Company against Gibson Gill and others to foreclose a mortgage. Judgment for defendants. Plaintiff brings the case to this court. Reversed. Opinion herein, filed February 14, 1896, states the material facts.

*Fuller & Whitcomb*, and *A. W. Hicks*, for plaintiff in error.

*James T. Hicks*, for defendants in error Gibson Gill and Mary Gill.

The opinion of the court was delivered by

GARVER, J.: This was an action brought April 27, 1892, in the district court of Michell county, by the plaintiff in error, as plaintiff, on a note executed by defendants in error, and to foreclose a mortgage given to secure the same. The note was dated June 1, 1888, and made for the payment of the sum of $900 in five years after date, with interest payable semiannually on the first days of June and December in each year. The mortgage provided as one of its conditions:

"If the makers of said note shall fail to pay or cause to be paid any part of said money, either principal or interest, according to the tenor and effect of said note and coupons, when the same becomes due, . . . the whole sum of money hereby secured shall, at the option of the legal holder or holders thereof, become due and payable at once without notice."

The petition alleges the failure to make the several payments of interest falling due on and after June 1, 1890, and on that ground plaintiff elected to exercise the option to declare the whole sum due, and to foreclose the mortgage. A demurrer to this petition was sustained, on the ground that it failed to state facts sufficient to constitute a cause of action. This ruling of the court is now complained of.

The specific objection which is made to the petition is, that because of the delay of the plaintiff to exercise its option to declare the whole sum due within a reasonable time after the last default in the payment of interest it must be deemed to have waived such right on account of any default preceding the commencement of the action. Did the petition state a cause of action? *Crossmore v. Page*, 73 Cal. 213, is cited as the principal authority relied upon for this

ruling. The construction which the supreme court
of California put upon the contract before it in that
case does not seem a reasonable one; and what is
said by the court as to the legal effect of the delay is
much weakened by subsequent decisions of the same
court. (*Hewitt v. Dean*, 91 Cal. 5; *Fletcher v. Dennison*,
101 id. 292.) The note and mortgage must be con-
sidered together as one contract, and the conditions
of the mortgage, as to the effect of a default in the
payment of taxes or interest, become a part of the
contract for the payment of the sum named in the
note. (*Muzzy v. Knight*, 8 Kan. 456; *Meyer v. Graeber*,
19 id. 165.) According to the conditions of the mort-
gage, upon the failure of the mortgagor to pay the
interest when due, the holder of the mortgage had a
right to declare the whole sum due and foreclose his
mortgage, if he so elected. (*National Bank v. Peck*, 8
Kan. 660; *Stanclift v. Norton*, 11 id. 218; *Darrow v.
Scullin*, 19 id. 57.)

The rights of the parties in this case grow out of a
contract into which they voluntarily entered. It is
not like a case of forfeiture, where the party who ex-
ercises the option may derive large benefits from it.
Forfeitures are not favored by the courts, and slight
circumstances will often be seized upon to avoid them.
But, even in cases of forfeiture, the rule requiring
prompt action is founded upon the presumption of a
change in the situation of the parties after the time
when a forfeiture might have been first declared. In
a contract such as that under consideration, the op-
tion is for the special benefit of the mortgagee, and
for his protection. Two things are its principal pur-
poses: (1) The prompt receipt of the interest by the
holder of the note; (2) the avoidance of any impair-
ment of the security by an accumulation of interest,

taxes or other charges upon the property in addition
to the original sum secured. The exercise of the op-
tion does not affect the rights of the parties in any
manner, except merely as to the time of payment.
The agreement of the mortgagor to pay the interest at
stated times is a continuing obligation, which can be
discharged within the terms of the contract only by ac-
tual payment. Whether one week or four months have
elapsed since the payment should have been made,
the default is still as continuous as is the promise to
pay; the reason for giving the option has not neces-
sarily lost any of its force by the delay, and the right
to exercise it should be secured as long as the rea-
son exists. If, by reason of the delay, the plaintiff
should gain any advantage, or the defendant should
suffer any detriment or loss, other considerations
would enter into the case, and it might then be said
that there was a waiver. In this case, nothing of the
kind is claimed. The first default on the interest oc-
curred nearly two years, and the last over four months
prior to the commencement of the action, with nothing
done otherwise by either party to affect their legal
rights. We think the controlling question in such a
case is, whether the defendant made default and was
continuing so, to the prejudice of the contract rights
of the plaintiff, at the time he elected to declare the
whole sum due and payable? In this particular case
the rule applied by the district court might operate to
the advantage of the defendants; but it is of doubtful
benefit to mortgagors generally to lay down a rule
which would require the holder of a mortgage con-
taining such conditions to foreclose, if at all under
such option, immediately upon the happening of any
default, and to hold that no delay or indulgence could
be given by the creditor except at the risk of waiving

all right to foreclose for such default.   We admit our inability to perceive any reason for holding under such circumstances that the petition does not state a cause of action.   Authority as well as reason opposes the construction placed upon the terms of this mortgage by the trial court.   (*M. R. Ft. S. & G. Rld. Co. v. Brickley,* 21 Kan. 275, 295 ; *Manufacturing Co. v. Howard,* 28 Fed. Rep. 741 ; *Swearingen v. Lahner,* 61 N. W. Rep. [Wis.] 431.)

No special notice of the election was required.   The commencement of the action was sufficient notice that the plaintiff had elected to exercise the option to declare the whole sum due.   (*Shattuck v. Rogers,* 54 Kan. 266 ; *Hewitt v. Dean,* 91 Cal. 5 ; *Buchannan v. Berkshire Ins. Co.,* 96 Ind. 510 ; *Princeton L. & T. Co. v. Munson,* 60 Ill. 371 ; *Johnson v. Van Velsor,* 43 Mich. 208.)

The judgment will be reversed, and the case remanded with directions that the district court overrule the demurrer to the plaintiff's petition.

All the Judges concurring.