EDWARD BIRMINGHAM, SR., V. FREDERICK LEON-
HARDT *et al.*

NO. 102.

1. PETITION IN FORECLOSURE — *Sufficiency Questioned Too Late.*
The sufficiency of the allegations of a petition to state a cause of
action cannot be questioned, for the first time, by a motion to set
aside a sheriff's sale made pursuant to the judgment rendered in
the case.

2. JUDGMENT — *Clerical Error May be Corrected at Any Time.*
A mere clerical error in the entry of a judgment may be corrected
at any time, upon motion and notice to the opposite party, so as
to make the record conform with the judgment actually rendered.

3. CASE *Followed.* The case of *Loan Co. v. Gill*, ante, p. 488, in
this court, followed.

MEMORANDUM.— Error from Osborne district court;
CYRUS HEREN, judge. Action for the foreclosure of a
mortgage by Edward Birmingham against Frederick
Leonhardt and others. Judgment for defendants.
Plaintiff brings the case to this court. Reversed.
The opinion herein, filed February 14, 1896, states
the material facts.

*Robinson & McBride*, for plaintiff in error.

The opinion of the court was delivered by

CLARK, J. : In this action, brought on a note and
for the foreclosure of a mortgage securing the same,
jurisdiction of the parties and of the subject-matter
was regularly obtained, judgment duly rendered No-
vember 7, 1891, an order of sale issued, and the mort-
gaged premises sold June 27, 1892. On motion of
the defendants, filed October 19 and heard November
11, 1892, the court set the sale aside and vacated the
judgment, on the ground that the petition did not
state a cause of action. The plaintiff in error, who

33—2 APP.

was plaintiff below, brings the case to this court, assigning for error this ruling of the court.

The defendant in error has made no appearance in this court, and we have not the benefit of any suggestions which he might make concerning the decision complained of. All the proceedings in the case, including the sale, appear to be regular. As the jurisdiction of the court over both the person and the subject-matter is not controverted, the judgment rendered was not void, even conceding that the petition was open to the objection made to it. At the most, it was only irregular and voidable, if timely attacked in a proper manner. But we know of no authority to raise such question for the first time after the term at which the judgment was rendered, by a motion to set aside a sale which has been made pursuant to the judgment. The district court has very wide discretion in opening up judgments and correcting errors in the proceedings, if it does so at the same term at which the judgments or proceedings are had.

"But it is a rule equally well established, that after the term is ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist, they can only be corrected by such proceedings, by a writ of error, or appeal, as may be allowed in a court which by law can review the decision." (*Bronson v. Schulten*, 104 U. S. 410.)

Any exceptions to this rule are made and governed by special statutory provisions. The proceeding complained of finds no support in any statute. This court had occasion, recently, to consider a somewhat similar proceeding in the case of *Haseltine v. Gilliland*, ante, p. 456, 43 Pac. Rep. 88, in which it was said:

"The defendants had ample opportunity to defend

in the action by pleading the several matters set up in this motion ; and the plaintiff had the right to have such questions determined in the regular course of legal procedure, and by a formal trial in court. The ruling of the court permitted the defendants to avoid a trial when the issue was regularly and properly presented, and to dispose of the entire question affecting the right of the plaintiff to his lien upon the summary hearing of a motion. The law certainly does not contemplate any such procedure. It does not matter that the issue was not made, nor the question raised, in the case proper. It could have been made and determined therein. The defendants were challenged to it by the petition, and their default had the same legal effect as an actual appearance and trial.''

Upon the merits of the motion, under the decision of this court in the case of *Loan Co. v. Gill*, ante, p. 488, 43 Pac. Rep. 991, the ruling of the court must be held to be erroneous.

With his motion to confirm the sale the plaintiff joined a motion to correct a clerical error in the entry of the judgment. The judgment actually rendered was for $1,518, but by mistake was entered for only $518. Such a clerical error in the entry of a judgment can be corrected at any time, upon motion and notice to the opposite parties. Upon the showing made in the district court, the clerk should have been directed to correct the journal entry and record of the judgment so as to make them conform with the judgment rendered. The record shows that the proceedings upon the sale were regular, and that the premises were sold for a reasonable price. At least, no objection on that ground was made by the defendants in their motion to set aside the sale. The judgment will therefore be reversed, and the case remanded with directions that the district court overrule the motion

of the defendants to set aside the sale, and sustain the motions made by the plaintiff to correct the journal entry of the judgment and to confirm the sale.

All the Judges concurring.