PRESTON PARIS v. ANDREW NORDBURG AND ANNA NORDBURG.

No. 228.

MORTGAGE — *statute giving or extending right of redemption cannot apply to, executed before its passage.* A statute which authorizes the redemption of real property sold under foreclosure of a mortgage where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed November 15, 1897. *Reversed.*

Preston Paris, plaintiff in error, began his action in the District Court of Smith County to foreclose a mortgage given by the defendants, Nordburg, September 15, 1892, to secure the payment of certain promissory notes, and judgment and decree of foreclosure were had in his favor on April 12, 1894. An order of sale was duly issued, sale had, and the plaintiff became the purchaser. At the ensuing term, December, 1894, motions were made by both parties, one to confirm, the other to set aside, the sale. These motions were heard and the sale confirmed. At the December

term, 1895, after two intervening terms of court had been held, a motion was filed by the defendants asking that that portion of the order of confirmation ordering a deed to be made to the purchaser be so altered as to afford to the defendants the benefit of the eighteen months' redemption provided for in section 1, chapter 109, Laws of 1893. This motion was sustained, December 15, 1895, and the order of confirmation so altered in consequence. From this ruling of the court the plaintiff prosecuted error to this court.

*L. C. Uhl, Webb McNall* and *Clark A. Smith,* for plaintiff in error.

*R. M. Pickler,* for defendants in error.

McELROY, J. The plaintiff in error contends that the court erred in entertaining the motion of the defendants, *first,* because the court had no jurisdiction of the parties or subject-matter after the adjournment of the term of court at which the order confirming the sale was made ; *second,* because chapter 109, Laws of 1893, is not applicable to contracts made prior to its passage.

The defendants were present when the order of confirmation was made, and saved no exceptions to the order. The order became final on the adjournment of the term of court. *Birmingham v. Leonhardt,* 2 Kan. App. 513. There was no right of redemption existing at the time the mortgage in question was made. This statute, which authorizes the redemption of real property sold upon foreclosure, cannot constitutionally apply to a sale under a mortgage executed before its passage. *Barnitz v. Beverly,* 163 U. S. 118.

The court had no jurisdiction of the parties, or of

the subject-matter presented by motion of the defendants, and the order of the court that the sheriff execute to the purchaser a certificate of purchase, and a deed after eighteen months, was erroneous.

The case will be remanded with directions to the trial court to set aside the order of December 15, 1895, and overrule the motion of the defendants to modify the order of confirmation, and for further proceedings in accordance with this opinion.