[Civ. No. 3567. Second Appellate District, Division Two.—January 13, 1922.]

## E. C. BELLOWS, Respondent, v. L. A. DOCK & TERMINAL COMPANY, Appellant.

[1] MORTGAGE—CONDEMNATION OF PART OF PROPERTY—PAYMENT OF AWARD — SUBSEQUENT FORECLOSURE — EXTENT OF ESTOPPEL.—A mortgagee is estopped from foreclosing the mortgage against a part of the property which has been condemned for public purposes, where the decree in the condemnation action has become final before the decree of foreclosure and the mortgagee has accepted the amount of the award for his interest in the condemned portion, but he is not estopped from foreclosing against the remainder of the property, although he appeared in the condemnation suit and set up his mortgage.

[2] ID.—PAYMENT OF INTEREST — CONDEMNATION PROCEEDING — DUTY OF MORTGAGOR.—A mortgagor is not excused from making payments of interest as provided by the mortgage by reason of the pendency of an action to condemn a part of the property for a public use.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Walter M. Campbell for Appellant.

Joe Crail for Respondent.

WORKS, J.—This is an action for the foreclosure of a mortgage, in which defendant appeals from a judgment for plaintiff.

The amount of the original mortgage debt was $30,000. A part of the real property covered by the mortgage lay within the range of a contemplated public improvement and the public convenience required that the portion mentioned be taken for public use in connection with the improvement. The prospective condemnor, in an endeavor to avoid actual condemnation by means of an action, offered to appellant to purchase the land required at a certain sum. Thereupon appellant offered to pay to respondent the prin-

cipal of the mortgage debt with interest accrued to the time of the offer. This proposition was declined, the mortgage having yet nearly two years to run and respondent insisting upon his right to interest up to the maturity of the obligation, he finally offering, however, to accept the interest for about half of that period. This proposal being in turn rejected, the public agency brought suit to condemn respondent's mortgage interest in the part of the land required for the improvement. On the trial of that action it was determined that the land to be taken amounted to two-thirds of the entire body of real property subject to the mortgage and the condemnor was required to pay to respondent two-thirds of the principal of the mortgage debt, or $20,000, with interest on that amount to the date of the taking, and the payment was made. Before the date upon which the mortgage was to fall due by lapse of time, and also before the trial of the condemnation suit, appellant defaulted in a payment of interest when it became due. The mortgage contained a provision to the effect that the entire principal and interest should become due upon such a default, at the option of the holder of the note secured by it, and respondent elected to and did thereupon commence this action, demanding decree of foreclosure upon all of the land described in the obligation and demanding judgment for the entire mortgage debt. The decree in the condemnation suit had been rendered and had become final before decree in the present suit, and the condemnor had paid to respondent the sum of $20,000 and interest as above stated. The foreclosure decree went only against the land not embraced within the condemnation proceeding and directed sale of that part of the land for the purpose of paying the $10,000 principal remaining unpaid, with interest.

Appellant's first point is that the trial court failed to find upon the issue presented by the first separate defense of the answer. This defense alleges the pendency of the condemnation suit; that respondent had set up his mortgage in his answer filed in that suit; that he had therein prayed judgment for $30,000, with interest to the maturity of the obligation; that appellant had therein filed a complaint in intervention alleging that prior to the appearance of appellant in the condemnation suit respondent had repeatedly offered to pay him the principal of the mortgage with ac-

crued interest and that the same offer was repeated in the complaint in intervention, but had uniformly been refused; that the condemnation suit was partially heard and undetermined and "is a bar to the prosecution of this action."

[1] While the trial court did not in the present suit refer in its findings to the condemnation suit with the particularity which the allegations of the answer, when considered in exact terms, required, it did find as follows: "That the award of this court in action B73318, constitutes an adjudication on the rights of the parties herein, as to that portion of property covered by the mortgage and included in the flood control district, taken by said proceeding No. B73318 of the files of this court. The plaintiff herein having failed to take any further proceedings looking toward a vacation, modification or reversal of the decree of condemnation and the time for appeal having expired; by accepting the award of this court in said proceeding, and in receiving moneys awarded thereby, the plaintiff has acquiesced in such adjudication and is now estopped in this suit to deny the force of the award in B73318, and the mortgage herein sought to be foreclosed having been by said former proceeding extinguished and cut off as to its validity and enforceability upon or against the property taken in said proceeding, plaintiff is not entitled to foreclose this mortgage as against any property included within said condemnation decree." Although this finding does not state the title of the cause referred to as B73318, there can be no question as to what cause was contemplated by the finding, when it is examined in connection with the allegations of the answer, for that pleading, after alleging the title of the condemnation suit, follows the allegation with a statement of the number, B73318, mentioned in the finding. It is true that the finding does not cover all the allegations of the first separate defense, but it need not have done so for the reason that the unnoticed matters stated no defense. The allegations concerning the offers made to respondent and his refusal of them were immaterial. He was entitled to refuse them without affecting in the slightest degree his rights under the mortgage. If an offer had been made to pay interest to the *maturity* of the obligation the situation might have been different, at least as to the right to recover attorney's fees and costs. The averment that the condemna-

tion suit was a bar to the present suit was sufficiently found upon, for the trial court stated correctly the bearing that the pendency of the one had upon the other. The pendency of the condemnation suit possibly might have operated to *abate* the present action if an attempt had been made to try the latter first, but that attempt was not made. As found by the trial court in the finding set forth above, the judgment in the condemnation suit had been rendered and had become final before the trial of the present action. To say that the condemnation suit operated to *bar* the present action would be to say that respondent could not foreclose as to one-third of the mortgage debt, although no previous foreclosure suit had been commenced by him. The only possible effect of the condemnation suit, it having been tried before this action, was, first, to remove a part of the land from the scope of this suit, and, second, to operate as a basis for a showing that a part of the mortgage debt had been paid through the condemnation proceeding. The first of these points is covered by the finding which we have quoted. Disposition is made of the second, that concerning part payment, by a finding to which we shall presently refer. Part payment could not have been alleged at the time the answer was filed, for part payment had not then been made. It did follow later, however, through the culmination of the condemnation suit, and it was shown by the evidence in this suit. Upon that question the court found—and this is the finding we mentioned a moment ago—that $20,000 had been paid on the principal, together with interest to a certain date, and that there remained due $10,000 principal, with interest from a certain date. We conclude that the court did not fail to find upon the issue presented by the first separate defense of the answer.

It is also contended by appellant that the trial court failed to find upon the issues presented by the second separate defense of the answer. This contention is answered by our observations upon the question just now under consideration, for the second defense is but an amplification and expansion of the matters included in the first defense. We may add, however, that counsel's argument of the present question, like that addressed to the point last considered by us, is confused and distorted by references to the alleged fact that appellant offered, immediately before the commencement

of the condemnation suit and in its pleading in that action, to pay off the mortgage in full. No such offer was made at any time. Appellant never offered more than the principal and the interest accrued to a time nearly two years earlier than the maturity of the obligation.

[2] Another point made by appellant is that it was not in default in a payment of interest when this action was commenced. This point is not presented on the ground that an installment of interest was not actually unpaid at the time, but on the ground that the condemnation suit was pending when the installment fell due and that by his answer in that suit respondent had demanded the payment of the entire mortgage debt as compensation for the taking of his mortgage interest in the land sought to be condemned. These circumstances, according to appellant, relieved it of the necessity of making the payment in time and relieved it of the possibility of being in default for a failure to make it. We are not impressed by the question appellant presents and no authority is cited which supports the position taken. Appellant had contracted to pay installments of interest at stated times and had agreed what the consequences should be of a failure to pay. We are unable to perceive that this contract was abrogated by the intervention of a third party through the institution of the condemnation suit. Suppose that suit had been dismissed or that for some reason it had resulted unfavorably to the desires of the condemnor. Under such circumstances could appellant have justified its failure to pay the interest? It surely could not, and as it could not have done so upon such a hypothesis it seems that the entire question is answered, for, if that argument be correct, it could not justify a nonpayment because of the mere pendency of the suit. It is to be observed, also, in considering this point, that the condemnor never intended to take all of the land covered by the mortgage. The complaint in the condemnation suit clearly showed that fact. It was not determined until the condemnation decree just what proportion of the entire body of land was to be taken, and it was probably owing to the uncertainty existing on that question that respondent prayed for the payment of the entire mortgage debt as compensation for the taking of his mortgage interest. Not knowing what proportion to ask for, out of an abundance of caution he asked for all. But, at any rate,

these questions were between the condemnor and respondent, at least until condemnation decree and the payment of the award, and they did not nullify or postpone appellant's agreement to pay interest in time.

The trial court found that respondent had expended $17.50 for a title search preparatory to commencing suit and rendered judgment in his favor for that amount. Appellant contends that the finding is not supported by the evidence and the point is good. No evidence was introduced upon the subject.

A point is made by appellant concerning the allowance of attorney's fees to respondent, but after what we have said above as to the nature of appellant's offers to pay to respondent principal and accrued interest only nothing further need be said as to the point.

The judgment is modified by striking therefrom the allowance of $17.50 for searching title and by deducting that sum from the total judgment for $10,693.02, and, as so modified, it is affirmed; respondent to have judgment for his costs on the appeal.

Finlayson, P. J., and Craig, J., concurred.