## MARY E. UPDEGRAFF WOOTON, Respondent, v. MARY E. CLAY DAHLQUIST, Appellant.

[232 Pac. 580.]

PLEADING AND PRACTICE—CHANGE OF VENUE—WHEN APPEAL THEREFROM WILL BE DISMISSED.

> Where a change of venue is ordered upon application of plaintiff, and defendant appeals from such order but before the record on appeal is prepared the cause is remanded to the court where it was commenced, the appeal will be dismissed irrespective of any error in making the change, since all rights appellant might obtain by a successful prosecution of the appeal are restored by remanding the cause, and the appeal presents no real question for determination by the appellate court.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Appeal from order granting change of venue. *Dismissed.*

Benjamin F. Tweedy, for Appellant.

Neither the statute nor the constitution authorizes a change of venue to a plaintiff on the ground that the court is prejudiced against a defendant. The affidavit does not set forth sufficient facts to authorize the change of venue. (C. S.,

secs. 6666, 6667; *Bell v. Bell,* 18 Ida. 636, 111 Pac. 1074; *Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Callahan v. Callahan,* 30 Ida. 431, 165 Pac. 1122.)

Edward C. Butler, for Respondent.

"This court will not entertain an appeal when the substance of the controversy between the parties has disappeared, and only a moot question remains to be determined." (*Abels v. Turner Trust Co.,* 31 Ida. 777, 176 Pac. 884; *Coburn v. Thornton,* 30 Ida. 347, 164 Pac. 1012.)

WILLIAM A. LEE, J.—This action was commenced in the district court in and for Nez Perce county, the complaint being for the foreclosure of a real estate mortgage in the usual form and was filed February 24, 1923. The defendant demurred to this complaint generally and specially. Thereafter, on June 11, 1923, defendant moved for an order requiring plaintiff to give security for costs under C. S., sec. 7221 and made a showing that plaintiff was a nonresident of the state. Before action was taken upon this motion plaintiff moved that the place of trial in said action be changed for the reason that the judge of said court was disqualified from acting, and on July 10th an order was made and entered therein directing that the venue in said action be changed from Nez Perce county in the tenth district, where it was commenced, to Latah county in the second district, by Wallace N. Scales, Judge of said district, and the records and files in said cause were transmitted to the second district in accordance with this order.

On August 23, 1923, defendant perfected an appeal from the order changing the venue in said action from Nez Perce to Latah county and filed a *praecipe* with the clerk for a transcript on appeal to this court, after the record had been transmitted to Latah county.

Plaintiff and respondent, Mary E. Updegraff Wooton, now moves this court to dismiss the appeal of Mary E. Clay Dahlquist, defendant and appellant, from the order granting a change of venue on the ground and for the reason that it

is shown by an affidavit of the deputy clerk of the district court of the tenth judicial district, where the action was originally commenced, that he received an order on July 10, 1923, changing the venue in said action to the second judicial district in and for Latah county, the same being made by Wallace N. Scales, Judge thereof; that pursuant to such order all the files were transferred to said Latah county and thereafter, on September 26, 1923, all of the files and records in said action were returned to affiant as said clerk pursuant to an order of Edgar C. Steele, Judge of the second judicial district in and for Latah county, made September 25, 1923; that when said files were returned it appeared that the *praecipe* above mentioned had been filed by appellant with the clerk of Latah county on August 24, 1923, but that no transcript or record on appeal had been prepared pursuant thereto; that on October 11, 1923, thereafter, affiant was directed to prepare said transcript pursuant to the praecipe filed in Latah county, and that as such clerk he did prepare such transcript on appeal pursuant to a request of appellant's attorney; that on December 6, 1923, John M. Flynn, Acting Judge of the district court of the tenth judicial district in and for Nez Perce county in the place of Wallace N. Scales, deceased, heard argument upon appellant's demurrer filed to the complaint in said action, the parties to said action both appearing by their respective counsel, and overruled said demurrer.

It would therefore appear from the record before this court, if the affidavit of the deputy clerk above mentioned may be considered, that the transcript in said cause and all the files pertaining thereto have been returned by the clerk of the district court of Latah county in the second district upon the order of the judge of that district to Nez Perce county, where the action was commenced and is now pending. Therefore, if appellant, defendant in said foreclosure proceedings, should ultimately have her appeal from . the original order changing the venue in said action heard and considered by this court and it should determine that such change of venue was not regularly and lawfully taken, the

cause of action would still be pending in the district court wherein it was commenced, and appellant would be in the same position she is now in. Hence, no reason appears why the appeal should not be dismissed. It is a well-settled rule of procedure that appellate courts will not hear and determine on appeal cases that present no real question for determination. It is therefore ordered that the appeal be dismissed, each party to pay his own costs.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.