| 86 | 197 |
| 93 | 655 |
| 86 | 197 |
| 114 | 569 |

---

[No. 13750.   Department One. — October 23, 1890.]

## ROBERT CAMPBELL, RESPONDENT, *v.* THOMAS A. WEST ET AL., APPELLANTS.

JUDICIAL NOTICE — Ex OFFICIO CLERK OF SUPERIOR COURT — FILING OF COMPLAINT BY COUNTY CLERK — INDORSEMENT — SURPLUSAGE. — The court will take judicial notice of the fact that the county clerk is *ex officio* clerk of the superior court, and a complaint indorsed in the superior court, and filed by such clerk as "county clerk," will be regarded as filed in the superior court.   The placing of the word "county" before the word "clerk" will be treated as surplusage, and will not defeat the effect of the indorsement.

ID. — LOCATION OF LANDS — GOVERNMENT SURVEY — DESIGNATION BY NAME — PRIVATE SURVEY. — Judicial notice will be taken of county boundaries and of the location of lands described by government subdivisions, as by township, range, and section, and the legal subdivisions thereof; but such notice will not be taken of the location of lands designated simply by name or by reference to a private survey.

FORECLOSURE OF MORTGAGE — VENUE — JURISDICTION — PLEADING — EVIDENCE — FINDINGS — RECITAL IN DECREE. — In an action brought to foreclose a mortgage, it is necessary, to give the court jurisdiction to enter a decree of foreclosure, for the plaintiff to allege and prove that the land sought to be foreclosed is situated in the county in which suit is brought; and in the absence of an allegation of such fact in the complaint, the

plaintiff is not entitled to prove it; nor can a finding or recital in the decree that the land is situated in such county be supported in the absence of the necessary averment in the complaint.

ID. — NEW COUNTY — DESCRIPTION OF LANDS IN MORTGAGE — PLEADING — FINDING. — A complaint to foreclose a mortgage which describes the lands as situated in a county out of which a new county has been formed since the date of the mortgage, but which contains no description identifying the lands as being located in the new county in which the action is brought, is insufficient to sustain a finding that the land is situated therein.

ID. — MATURITY OF CAUSE OF ACTION — DEFAULT IN INSTALLMENTS — OPTION OF MORTGAGEE — WAIVER. — Where a mortgage note provides for interest payable semi-annually, "and if not so paid to be compounded semi-annually and bear the same rate of interest as the principal, and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of the note," the holder of the note, while he exercises his option promptly, may do it at the maturity, and upon default of any installment of the interest, and a failure to exercise such option upon the first default, is not a waiver of its exercise at any subsequent default in payment of another installment.

ID. — NOTICE OF OPTION — HOLIDAY. — When an installment of interest falls due upon a day previous to a holiday, the mortgagee may give notice upon the day following the holiday of his option to claim payment of the whole amount of principal and interest secured by the mortgage, and may demand prompt payment thereof, and commence an action of foreclosure upon default in such payment.

ID. — JUDICIAL NOTICE — TIME. — The court will take judicial notice of the days of the week and of the month and of the date of the maturity of an installment falling due under a mortgage described in the complaint.

ID. — ALLOWANCE OF COUNSEL FEES — STIPULATION IN MORTGAGE — REASONABLE FEE — AGREEMENT FOR PERCENTAGE IN NOTE. — Upon the foreclosure of a mortgage given to secure the payment of a note for $2,000, an allowance of counsel fees in the sum of $150, found by the court to be reasonable, will be sustained, where the mortgage provided for a reasonable counsel fee, and the complaint alleged that such sum was reasonable and prayed for its allowance, although the mortgage note provided that the makers would pay an additional sum of five per cent on the principal as attorney's fees in case suit should be commenced to enforce the payment of the note.

DEFAULT — FAILURE TO ANSWER AFTER DEMURRER OVERRULED. — Where a demurrer to a complaint is overruled, and time is allowed the defendant in which to answer, and he fails to answer within that time, or within such further time as the court may allow, the default of the defendant is authorized by law, and may be properly entered.

APPEAL from a judgment of the Superior Court of Orange County.

The mortgage was executed to secure a note for two thousand dollars, with interest at twelve per cent per annum from March 28, 1888, and stipulated for a reasonable counsel fee upon foreclosure of the mortgage. The mortgage note provided that should suit be commenced to enforce the payment of the note, the makers agreed to pay an additional sum of five per cent on the principal as attorney's fees in such suit. The complaint alleged that the sum of $150 was a reasonable counsel fee for the foreclosure of the mortgage, and prayed judgment for the amount due, $2,304.20, with accruing interest, and for such counsel fee, and for sale of the mortgaged premises, etc. The court allowed the sum of $150 as a counsel fee. Further facts are stated in the opinion of the court.

*Victor Montgomery*, for Appellants.

*Ray Billingsby*, for Respondent.

Fox, J. — This is an action to foreclose a mortgage. Judgment and decree in favor of plaintiff, from which defendants appeal, the case coming up on the judgment roll.

1. The first point made is, that the court never acquired jurisdiction of the case, for the reason that the complaint was never filed in the court, — the indorsement thereon showing that the same was filed with the county clerk. This point is not well taken. The court will take judicial notice of the fact that the county clerk is *ex officio* clerk of the superior court. The complaint is entitled and indorsed in the superior court of the county of Orange, and is also indorsed, "Filed October 19, 1889. R. Q. Wickham, County Clerk." If the indorsement had been signed simply "R. Q. Wickham, Clerk," it would have been sufficient. The placing of the word "county" before the word "clerk" was mere surplusage, and will not defeat the effect of the indorsement, inas-

much as it is a designation consistent with that of the *ex officio* office of clerk of the court.

2. It is claimed that the complaint contained no description or allegation showing that the property against which foreclosure is sought was situate within the jurisdiction of the court. The action must be brought in the county in which the land is situate. (Const., art. 6, sec. 5; Code Civ. Proc., sec. 392.) The complaint in this case contains no description of the property, except as it is found in the copy of the mortgage attached as an exhibit, and that describes it as being situate in the county of Los Angeles. The court finds and recites in its decree that the land is situate in the county of Orange, and that the same was formerly a part of the county of Los Angeles. This finding and recital would be sufficient, if there was anything in the complaint to support it, but there is not. The court will take judicial notice of the boundaries of the county, and of the location of lands described by government subdivisions, as by township, range, and section, and the legal subdivisions thereof; but it cannot take judicial notice of the location of lands designated simply by name, or reference to a private survey, as in this case. The only description given in the complaint or mortgage attached is, that it is "situate in the county of Los Angeles, state of California, and described as follows, to wit: In Rancho Santiago de Santa Ana, the whole of block N (except thirteen acres on the east side thereof heretofore sold to Mrs. Gearhart), the same being and lying in the Gray tract, as surveyed and subdivided by George Knox in February, 1881, a plat of which tract is duly recorded in the office of the recorder of deeds in and for said county of Los Angeles," etc. There is not a word here indicating a fact of which the court can take judicial notice, and every fact which is indicated by this description tends to show that the land was so situate that the court did not have jurisdiction to foreclose this lien. It was

necessary, to give the court jurisdiction to enter this decree of foreclosure, that the plaintiff should prove that the land was situate in the county of Orange; and in the absence of an allegation of the fact in his complaint he was not entitled to prove it.

3. It is claimed that the default of defendants was unauthorized by law. In this counsel is mistaken. The demurrer of defendants was filed November 4, 1889. It was overruled November 16, 1889, and defendants given ten days to answer. They failed to do so. An extension of time was given them, and they still failed to answer, and on the 14th of December, 1889, after the expiration of the extended time, their default was regularly entered.

4. It is claimed that the demurrer should have been sustained, for that it appeared upon the face of the complaint that the demand was not due. This point is not well taken. The note was dated March 28, 1888, due two years after date, with interest at twelve per cent per annum, payable semi-annually, "and if not so paid to be compounded semi-annually, and bear the same rate of interest as the principal; and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable, at the option of the holder of this note." The first installment of interest fell due September 28, 1888, and on the 2d of November following, a little more than half of that installment was paid. No more was ever paid on account of either interest or principal. A second installment fell due March 28, 1889, and a third installment September 28, 1889. Conceding that it was the duty of the holder of the note to exercise his option promptly upon the maturity and non-payment of an installment of interest, or in default thereof he would be deemed to have elected to waive immediate payment, and accept the compounding of interest as provided for, it does not follow that, having failed to exercise the option upon the

first default, he was bound to waive its exercise at all subsequent defaults, and let the interest accumulate and compound until the note itself matured according to its face. Such a rule would forbid his allowing his debtor any grace whatever, except at the peril of ultimately finding his security insufficient to meet the accumulated obligation. The true and just rule is, that while he exercises his option promptly he may do it at the maturity, and upon default, of any installment of the interest. The third installment of interest in this case fell due on the 28th of September, 1889. Defendants had all that day in which to pay it. The court will take judicial notice of the days of the week, and of the month, and so of the fact that the maturity of this installment fell on a Saturday. The 29th was Sunday. Promptly on Monday, the 30th, the first business day after default, plaintiff notified defendants of his option, declaring the whole amount of principal and interest due, and demanding prompt payment thereof. This he clearly had the right to do. Default being made in the payment, this action was commenced October 19th following.

5. There was no error in the allowance made for counsel fee, under the provisions of the mortgage and of the law and the allegations and prayer of the complaint.

For the error discussed in the second point herein stated, the judgment must be reversed, and the case remanded for such further proceedings as the parties may be advised.

So ordered.

WORKS, J., and PATERSON, J., concurred.