[Sac. No. 120. Department One.—October 22, 1896.]

KUNIGUNDE GLAS, RESPONDENT, v. FRANK GLAS, SR., APPELLANT.

MORTGAGE FROM HUSBAND TO WIFE — DECLARATION OF HOMESTEAD BY HUSBAND.—A husband cannot defeat the lien of a mortgage executed by him to his wife, nor prevent its foreclosure, by subsequently filing a declaration of homestead upon the mortgaged premises.

ID.—DEFAULT IN PAYMENT OF INTEREST—OPTION TO FORECLOSE—DELAY—WAIVER.—Where a mortgage gives to the mortgagee an option to foreclose immediately upon default in the payment of any installment of interest payable annually, a delay of eight months after the delinquent installment became due, before making demand and bringing the action, does not constitute a waiver of the default in the payment of the interest, or of the option to foreclose upon such default.

ID.—CERTIFICATE OF RECORD—INDORSEMENT BY RECORDER'S SEAL.—The certificate of the record of a mortgage by the recorder indorsed upon the original instrument, is not required to be attested by the seal of the recorder, but is sufficiently attested by his official signature.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. W. M. CONLEY, Judge.

The facts are stated in the opinion.

*Robert L. Hargrove*, for Appellant.

When either the husband or wife files a declaration of homestead, they immediately become joint owners of the property for their joint use and benefit, and neither can hold adversely to the other, nor maintain a suit against the other to oust him or her from the premises. (*Mauldin* v. *Cox*, 67 Cal. 391; *Gagliardo* v. *Dumont*, 54 Cal. 499; *Manning* v. *Manning*, 79 N. C. 293; 28 Am. Rep. 324.) Respondent, by her laches, waived her option to declare the whole principal and interest due upon default in the payment of interest. (*Campbell* v. *West*, 86 Cal. 197; *Hewitt* v. *Dean*, 91 Cal. 5.) As the mere indorsement on the back of the mortgage, when not under the seal of the recorder, does not prove its recordation, the court erred in denying appellant's motion for nonsuit.

*George E. Church*, for Respondent.

Section 158 of the Civil Code settles the question in this case. If the plaintiff in this case forebore suit for some time after the installment of interest became due and unpaid the defendant cannot complain. The provision in the note was for the benefit of the plaintiff—not the defendant. (*Hewitt* v. *Dean*, 91 Cal. 5; *Wheeler etc. Mfg. Co.* v. *Howard*, 28 Fed. Rep. 741.)

HAYNES, C.—This action is prosecuted to foreclose a mortgage executed by the defendant to plaintiff.

The plaintiff had judgment, and this appeal is from the judgment and from an order denying defendant's motion for a new trial.

After the execution of the note and mortgage, the defendant filed a declaration of homestead upon the mortgaged premises, and appellant's principal contention is that the plaintiff, who is the wife of the defendant, cannot foreclose the mortgage because of the declaration of homestead so filed by the husband.

1. This contention can be best stated in the pathetic language of his brief: " Can respondent, by aid of the judicial arm, invade the home and fireside, destroy the homestead and the sanctum of virtue and truth, in an action by her against her husband to foreclose a mortgage, when the husband has no other suitable place of abode? Can the homestead be abandoned in this manner? Will equity permit the wife to destroy the home provided for her by her husband, and destroy his means of support and cast him out to the world in his dotage, simply to satisfy her avariciousness, or a demand for her pound of flesh ? "

Terrible as the consequences may appear to be, we are constrained to hold that the husband cannot defeat the mortgage as a lien, nor its foreclosure, by subsequently filing a declaration of homestead upon the mortgaged premises. Section 1241 of the Civil Code provides: " The homestead is subject to execution or

forced sale in satisfaction of judgments obtained: . . . .
4. On debts secured by mortgages on the premises ex-
ecuted and recorded before the declaration of home-
stead was filed for record." That the parties to the
note and mortgage are husband and wife does not affect
the rights of the plaintiff. Section 158 of the Civil Code
provides: "Either husband or wife may enter into any
engagement or transaction with the other, or with any
other person respecting property, which either might if
unmarried."

Appellant's contention would nullify the provisions of
the foregoing section, and would enable the husband to
obtain his wife's money upon the faith of the security
given by the mortgage, and yet defeat the security thus
given by his separate and independent act without her
knowledge, consent, or concurrence.

2. The note secured by the mortgage was dated August
25, 1892, and made payable three years after date,
and this action was commenced before the expiration of
the time above stated. The note, however, contained a
provision for annual payment of interest, and another
provision "that if not so paid when it became due it
should be added to the principal, and become a part
thereof, and bear interest at the same rate as said prin-
cipal sum." The note, however, contained this further
stipulation: "But if default be made in the payment of
interest as above prescribed, then this note shall im-
mediately become due at the option of the holder there-
of"; and the mortgage contained the provision "that in
case of default in payment of any installment of the in-
terest, then the whole sum of interest and principal
should be due at the option of the said party of the
second part, or assigns, and suit may be immediately
brought, etc." This suit was brought eight months after
the delinquent installment of interest became due, and
it is contended by appellant that this delay in making
demand and bringing the action was a waiver of the
default in the payment of interest. This contention

cannot be sustained. The cases cited by the appellant to this point do not sustain his contention. In *Campbell* v. *West*, 86 Cal. 197, it was held that the plaintiff having failed to exercise the option upon the first default, he was not bound to waive its exercise at any subsequent default; and that was really the only question in the case, as the installment of interest upon which the plaintiff exercised his option fell due on Saturday, and on the following Monday the plaintiff notified the defendant of his option to consider the whole amount of principal and interest due. In the other case cited by appellant, namely, *Hewitt* v. *Dean*, 91 Cal. 5, 10, it was said: "Although the plaintiff might have dealt with the defendants in such a way that he would be estopped from asserting his right of option, or by some act of his waive such right, yet mere forbearance or inaction would not cause such waiver. His leniency toward the defendants by forbearing to make an election within a reasonable time could not impair his right, or be regarded by them as a waiver thereof."

3. Upon the trial the mortgage, together with the indorsements thereon, showing the date of its filing for record, and the volume and page where it was recorded, was received in evidence over an objection made by counsel for defendant; and afterward, on a motion for nonsuit, one of the grounds specified was that plaintiff failed to prove that said mortgage had been recorded. This objection was not made at the time of the introduction of the mortgage in evidence, and it is now contended that the indorsement upon the back of the mortgage, that it was filed and recorded, though signed by the recorder, was not evidence in the absence of the seal of that officer. There is no statutory requirement that the certificate of the recorder of the receipt of the mortgage for record, and that it had been recorded, indorsed upon the original mortgage, should be attested by his seal. It is only certified copies that must be so attested.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.