[S. F. No. 14689. In Bank.—April 27, 1933.]

THE R. G. HAMILTON CORPORATION, LTD. (a Corporation), Trustee, etc., et al., Respondents, v. AUGUSTA CORUM et al., Defendants; AUGUSTA CORUM, Appellant.

Geo. D. Collins, Jr., for Appellant.

Breed, Burpee & Robinson for Respondents.

THOMPSON, J.—This action for declaratory relief was instituted by San Jose Pacific Building and Loan Association, herein called the association, beneficiary under a deed of trust of real estate in Alameda County, and the R. G. Hamilton Corporation, Ltd., substituted as trustee in place of the original trustees, by general appointment of the plaintiff association. The deed of trust was given in 1927 to

secure a building loan in the principal sum of $170,000, bearing interest at the rate of 7.2 per cent per annum, evidenced by a promissory note payable in 120 monthly installments of $1990.70 each. The proceeds of the loan were used to erect a hotel on Piedmont Avenue in Oakland. Appellant has never made a full payment under the terms of the loan, but has made irregular payments on account. She also failed to pay taxes and premiums on insurance policies and the association was compelled to pay them. The last payment made by appellant was made on May 16, 1930, and covered the interest on principal, taxes and premiums up to August 27, 1929. The appellant being generally in default, the entire indebtedness was declared due under the acceleration clauses in the note and deed of trust, and on November 17, 1930, notice of breach and election to sell the property was executed and recorded in Alameda County. Because of numerous claims of appellant, including assertions that the association was not the owner of the note, that the note had not been delivered, that the provision for monthly payments had been abrogated, that she was not in default, and that the plaintiff trustee had not been regularly substituted, this action was brought to have the rights and duties of the parties with respect to the trust deed and note established by declaratory judgment. It was also sought to have determined the validity and effect of the above notice of breach and election to sell under the provisions of section 2924 of the Civil Code, and respondents further asked for an accounting between the parties. The defendant and appellant in her answer denied substantially all the material allegations of the complaint and alleged the existence of an oral agreement altering the terms of said note and specifically alleged waiver by plaintiff of defaults in payment of installments of principal and interest. She also filed a cross-complaint praying for declaratory relief upon the identical matters set forth in plaintiffs' complaint, and on additional claims not involved in this appeal. The court found in favor of plaintiffs upon all of the questions presented by the pleadings, and this appeal is from the judgment declaring the rights of the parties in accordance therewith.

Appellant first attacks the form of the judgment on the ground that it is not such a decree as the statute re-

quires in an action for declaratory relief because it merely declares the rights of the parties to be in accordance with and as set forth in the findings. Appellant also makes the point that the judgment is upon disputed facts and not upon a controversy as to legal rights and duties growing out of undisputed facts, and that it does not involve the validity or meaning of the promissory note or trust deed. While the judgment entered is rather unusual and is not a practice to be commended, we cannot say that the adoption of this unusual form has rendered the judgment ineffectual as long as the rights and duties of the respective parties may be ascertained therefrom. (*Hopkins* v. *Warner*, 109 Cal. 133, 139 [41 Pac. 868]; *Pista* v. *Resetar*, 205 Cal. 197, 200 [270 Pac. 453].) Whether it is sufficient is to be judged from its substance rather than from its form. ■ With respect to appellant's contention that the action for declaratory relief is restricted to a determination of legal duties and rights it has been already decided that in such actions the court may determine disputed questions of fact. (*Hess* v. *Country Club Park*, 213 Cal. 613 [2 Pac. (2d) 782]; *Herrlein* v. *Tocchini*, 128 Cal. App. 612 [18 Pac. (2d) 73].) Appellant's argument is concluded by the cited cases.

■ Appellant further contends that section 2924 of the Civil Code provides an exclusive remedy for the enforcement of a deed of trust with power of sale in all cases where there is no controversy as to the meaning and validity of the instrument. There are three answers to this argument. First: The validity of the deed of trust was one of the very questions in issue in this case. Second: Section 1062 of the Code of Civil Procedure reads: "Other remedies not affected. The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts." Third: Section 2924 does not purport to provide a remedy, but to prescribe a certain limitation for the exercise of the contractual remedy.

■ It is next urged that there was no valid substitution of trustees. While the deed of trust did not itself specify the form of the instrument, it specifically authorized, by the seventh provision of the deed of trust, the appoint-

ment by the beneficiary of a substituted trustee. The substitution in this case was made by an instrument which referred to all of the deeds of trust owned by the respondent association as beneficiary and in which certain named parties were the original trustees, and held legal title as such, and the instrument was recorded in Alameda County in which the land described in the deed of trust was situated. There can be no doubt that the substitution in the general form made use of transferred the legal title to the substituted trustee, and was in compliance with the terms of the deed of trust. In the absence of any such requirement in the trust deed, we find no merit in the contention that no valid substitution is possible in such a case unless the written instrument of substitution is specifically addressed to the trust deed itself. (41 Cor. Jur. 381.)

■ Appellant next attacks the validity of the notice of breach and election to sell and does so on the ground that the notice is expressly restricted and assigns only defaults in part payments that are stated in the notice as occurring more than four months prior to the alleged acceleration of the maturity of the entire indebtedness, principal and interest, and does not assign a breach or default in the payment of the entire indebtedness as accelerated to maturity. The notice does, however, state the fact that the association considers all the moneys to be immediately due and payable and has elected to sell the property to satisfy the indebtedness. Section 639 of the Civil Code provided at the time that: " . . . Whenever a borrower shall be three months in arrears in the payment of his dues or interest or loan instalments, the whole loan shall become due at the option of the board of directors, and they may proceed to enforce collection upon the securities held by the association . . . ," and the recorded notice which contained the other essential recitations stated that a breach of the obligations secured by the deed of trust had been made. The note expressly waived notice of the exercising of the option to declare an acceleration and the recorded notice left no room for speculation as to the existence of a breach of the obligation to pay the entire indebtedness.

■ It is insisted by appellant that the failure to act promptly constituted a waiver of the right to accelerate the maturity of the obligation, and a number of cases are cited

as supporting this contention. These cases are not applicable because we are not here dealing with a forfeiture, and while it is true that respondents might have dealt with appellant in such a way as to estop them from exercising their option to accelerate maturity, we are here dealing with facts that indicate the exercise of leniency and a forbearance to elect within a reasonable time. The appellant, although making partial payments on her obligation, was in default in payments of principal, interest and advancements for over twelve months, and each month a new and additional default was occurring. Under these circumstances respondents may not be regarded as impairing their right of acceleration upon default in future payments or be regarded as waiving that right. (*Glas* v. *Glas,* 114 Cal. 566 [46 Pac. 667, 55 Am. St. Rep. 90]; *Campbell* v. *West,* 86 Cal. 197 [24 Pac. 1000]; note, 5 A. L. R. 437, 439.)

Finally, it is urged that the notice of breach was premature and void because there was no prior application by the beneficiary to the trustee to sell the property.

The deed of trust provided that: "On written application of the beneficiary and after three months shall have elapsed following such recordation of said notice, said trustee, without demand on said trustor, shall sell said property in whole or in part or parcels at the discretion of the trustee in the following manner, namely, . . . " Section 2924 of the Civil Code expressly provides for the recording of a notice of breach and election to sell by "trustee, mortgagee or beneficiary" before the exercise of the power of sale. An application to the trustee to sell prior to the recording of the notice of breach would be an idle act because the trustee was not called upon to act under his power until the notice was recorded, and had no power to sell under the statute until after the expiration of three months from the recording of the notice. The theory of appellant that the power to sell must be vested in the trustee before the recording of the notice of breach is not tenable either under the statute or the provisions of the deed of trust.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.