[Civ. No. 10460. First Appellate District, Division Two.—April 27, 1937.]

C. G. SELLMAN et al., Appellants, v. AGNES CROSBY et al., Respondents.

Breed, Burpee & Robinson for Appellants.

Hill & Mays and E. Coke Hill for Respondents.

SPENCE, J.—Plaintiffs sought to set aside a sale under a deed of trust and to cancel the trustees' deed. Defendant

Agnes Crosby, hereinafter referred to as defendant or respondent, filed a cross-complaint to quiet title. The trial court entered judgment decreeing that plaintiffs take nothing by their action and that defendant's title to the premises be quieted. Plaintiffs appeal from said judgment.

On October 5, 1926, plaintiffs executed a trust deed upon certain real property in the city of Oakland to secure their promissory note to defendant in the sum of $5,500. Principal and interest on said note were payable in monthly instalments of $40 each on the 5th day of each month. The note provided, "In case any of said installments are not paid within thirty days after the same shall become due, then the whole balance of said principal sum shall immediately become due and payable at the option of the holder hereof without notice."

Plaintiffs made the payments at a bank for the account of defendant. Each payment was entered by the bank in a book held by plaintiffs showing the month to which the payment was credited and the amount applied to principal and to interest. Between July, 1931, and January, 1934, plaintiffs failed to make eleven of the $40 payments due under the note. There were conversations and correspondence between the parties concerning these delinquencies and in January, 1934, plaintiffs assured defendant that they would make payments regularly each month and that they were expecting to win a certain lawsuit, in which event they would pay the total amount due out of the money received. Although plaintiffs did receive some money as they hoped, they failed to apply it upon their indebtedness to defendant. Plaintiffs did pay $40 per month to the bank on the 5th day of each month from January, 1934, to and including March, 1935, each of which payments was credited by the bank, as noted in plaintiffs' book, to the instalment longest past due. (Civ. Code, sec. 1479.) Upon plaintiffs' failure to make a payment on April 5, 1935, defendant ascertained that the taxes on the premises had been permitted to go delinquent. On April 20, 1935, defendant recorded a notice of default and election to sell as required by section 2924 of the Civil Code. In this notice, defendant gave notice of the exercise of the option to declare the entire indebtedness payable as provided in the acceleration clause of the note. Thereafter plaintiffs made a $40 payment in April and a similar payment each month

until August, 1935, when the trustees' sale was held. Said payments were likewise credited to the instalments longest past due. Defendant purchased the property on the sale for the sum of $4,985.56. The trial court found that said sale was legally made and honestly conducted and that the price obtained was fair and reasonable.

The first contention made by appellants is that "The right to accelerate the maturity of an obligation is waived and lost by delay of fifteen months in exercising such right." There might be merit in this contention if the record showed a delay of fifteen months in exercising the right of acceleration but there is no such showing in the present case. Appellants were in default on eleven payments including the payment due on March 5, 1935. They failed to make these payments, or any of them, within thirty days after March 5, 1935, and respondent was entitled to exercise her right under the acceleration clause within a reasonable time after April 5, 1935. This she did by recording her notice on April 20, 1935. A somewhat similar situation was presented in *R. G. Hamilton Corp., Ltd.,* v. *Corum,* 218 Cal. 92, and the court said at page 97 [21 Pac. (2d) 413], "The appellant, although making partial payments on her obligation, was in default in payments of principal, interest and advancements for over twelve months, and each month a new and additional default was occurring. Under these circumstances respondents may not be regarded as impairing their right of acceleration upon default in future payments or be regarded as waiving that right. (*Glas* v. *Glas,* 114 Cal. 566 [46 Pac. 667, 55 Am. St. Rep. 90]; *Campbell* v. *West,* 86 Cal. 197 [24 Pac. 1000]; note, 5 A. L. R. 437, 439.)"

Appellants also contend that "Acceptance of installments after election to declare the whole sum due constitutes a waiver of default and of all resulting rights under the acceleration clause." This contention is based upon the fact that the bank accepted a $40 payment in each of five months following the recording of respondent's notice. It will be noted, however, that each of said payments was credited as above indicated and that there was no payment or tender of payment of a sufficient amount to cover all the delinquent instalments. No authority has been called to our attention holding that a partial payment has the effect contended for and we know of none. Upon principle we are of the opinion that

a creditor, at least in the absence of an express agreement to the contrary, may accept partial payments on the amount due without waiving the default as to the balance and without affecting his rights under the acceleration clause. In other words, no implied waiver results from the mere acceptance of such partial payments. (*Harris* v. *Whittier Bldg. & Loan Assn.*, 18 Cal. App. (2d) 260 [63 Pac. (2d) 840]; 41 C. J. 861, sec. 1055; note, 19 A. L. R. 284.)

The last contention of appellants is that "The evidence shows that there was an express agreement by the defendant to waive the right of acceleration for these past defaults." It is sufficient to state that a review of the evidence fails to disclose any express agreement to waive either the defaults or the right of acceleration.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.