[Civ. No. 10676. First Appellate District, Division One.—December 10, 1937.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

U. S. Webb, Attorney-General, Lionel Browne and Leon French, Deputies Attorney-General, for Petitioner.

M. Jas. McGranaghan for Respondent.

Irene Brooks and Clarence Stephens Brooks, as *Amici Curiae* on Behalf of Petitioner.

THE COURT.—A petition for a writ of mandate, directing the respondent court to make and file findings of fact in an action for declaratory relief.

The action was brought by a holder of a license to practice

chiropractic, seeking an interpretation of section 7 of the Chiropractic Act, which reads as follows: "One form of certificate shall be issued by the board of chiropractic examiners, which said certificate shall be designated 'License to practice chiropractic', which license shall authorize the holder thereof to practice chiropractic in the state of California as taught in chiropractic schools or colleges; and, also, to use all necessary mechanical and hygienic and sanitary measures incident to the care of the body, but shall not authorize the practice of medicine, surgery, osteopathy, dentistry or optometry, nor the use of any drug or medicine now or hereafter included in *materia medica*." By leave of court several pleadings in intervention were filed by persons similarly interested. The attorney-general also filed a petition on behalf of the People of the State of California. These pleadings presented several material issues of fact. It is admitted that at the trial evidence was adduced by the respective parties on the questions presented. At the conclusion thereof the trial court filed an opinion, stating its interpretation of the act, but not the facts established by the evidence as the basis for its conclusions and which evidence is not before us. The People,—who are petitioners here,—requested respondent to make or cause to be made and filed findings of fact, and to that end proposed certain findings in writing. It is alleged, and not denied, that the request was refused and that no findings upon the issues of fact have been filed.

It is well settled that in the determination of legal duties and rights in an action for declaratory relief the court may determine the disputed questions of fact (*R. G. Hamilton Co.* v. *Corum*, 218 Cal. 92 [21 Pac. (2d) 413]); and where such are put in issue by the pleadings, as appears to have been the case here, section 632 of the Code of Civil Procedure, requiring findings where questions of fact are tried by the court, would seem to apply.

The act authorizes the holder of a certificate issued by the board of chiropractic examiners "to practice chiropractic in the state of California as taught in chiropractic schools and colleges", and "to use all necessary mechanical, hygienic and sanitary measures incident to the care of the body", but not "the practice of medicine, surgery, osteopathy, dentistry or optometry or the use of any drug or medicine now or hereafter included in *materia medica*".

It is stated in the opinion in the *Matter of Hartman*, 10 Cal. App. (2d) 213 [51 Pac. (2d) 1104], referring to chiropractic schools, "It is not sufficient that a particular practice is taught in such a school. Under the terms of the statute it must meet the further test that it is a part of chiropractic, whatever the philosophy or method may be; and further, that it shall not violate the provision which expressly forbids the practice of medicine. If such a practice is not a part of chiropractic but does constitute the practice of medicine it is not authorized under this license, even though it may be taught in such a school." And, as held in *Evans* v. *McGranaghan*, 4 Cal. App. (2d) 202 [41 Pac. (2d) 937], the act is so worded as to make the question of its construction depend upon evidence of facts.

In the present instance issues were presented, and much evidence introduced as to the teachings in the schools mentioned and the mechanical, hygienic and sanitary measures used in this practice; and there was also presented for determination the questions whether the fields of medicine, surgery, dentistry or osteopathy were encroached upon by such teachings or practice, or whether drugs or medicines included in *materia medica* are used by such practitioners. Other issues, which may or may not be material, were made by the pleadings. These, however, need not be considered as we are of the opinion that the issues referred to were of a character calling for specific findings.

It is therefore ordered that a writ of mandate issue as prayed.