[Civ. No. 20567.   Second Dist., Div. One.   Mar. 7, 1955.]

J. FRED HOWARD, Appellant, v. JUNE PASCHALL
HOWARD, Respondent.

Charles E. Beardsley and Dora R. Hyman for Appellant.

Conroy & Conroy, Herbert Grossman and Edward L. Conroy
for Respondent.

WHITE, P. J.—This proceeding was instituted when plaintiff and appellant, J. Fred Howard (hereinafter referred to

as "appellant") filed in the Superior Court of Los Angeles County a "complaint for declaratory relief and on contract." In said complaint, June Paschall Howard and Bank of America National Trust and Savings Association, as guardian of the estate of said June Paschall Howard, were named as defendants.

Said bank (hereinafter referred to in its capacity as such guardian as "bank") and said June Paschall Howard (hereinafter referred to as "respondent") demurred to said complaint.

The trial court sustained respondent's general demurrer, granted appellant 10 days' leave to amend as to respondent, but sustained the bank's general demurrer without leave to amend.

Thereafter, appellant filed his amended complaint (hereinafter referred to as the "complaint"), and in which pleading the bank was eliminated as a defendant. The demurrer of respondent to this complaint was sustained without leave to amend. One judgment was made and entered based upon the two orders sustaining the demurrers without leave to amend, of both respondent and the bank. While the notice of appeal is from such judgment, appellant has designated only June Paschall Howard as respondent, and we assume from a reading of his brief that he seeks only a reversal of the order sustaining the demurrer to the second or amended complaint without leave to amend, and that the order sustaining the demurrer of the bank to the original complaint, without leave to amend, is not here challenged.

The complaint now in question alleged that appellant and respondent have been husband and wife since on or about April 12, 1936; that on or about February 15, 1951, respondent was adjudicated an incompetent person and that letters of guardianship of her estate were duly issued to the bank. That at the time of the commencement of this action the bank was acting in such capacity. It was then alleged, "That prior to their marriage, Appellant and Respondent entered into an oral agreement (hereinafter referred to as the 'oral contract') by the terms of which Respondent agreed with Appellant that if he would give up the employment in which he was then engaged, and if he would perform such services with respect to her business affairs and property and in attendance upon her as she might call upon him from time to time during their marriage to perform, she would provide for his care, support and maintenance during the period commencing with

the time of his giving up his employment and ending with the time of his death;

"IV. That upon said marriage, Appellant terminated his then employment; that Appellant has duly carried out all of his obligations under the oral contract, in every particular, and has done and performed everything by him to be performed thereunder; that the services theretofore performed by Appellant under the oral contract were accepted by Respondent; and that Appellant is ready, willing and able to continue to perform his obligations under the oral contract;

"V. That the following orders were made and entered by the Court in said guardianship proceeding: on or about October 3, 1951, an order directing the Bank to pay $250.00 per month to Appellant for his support and maintenance until the further order of the Court; on or about June 18, 1952, an order directing the Bank to pay the sum of $325.00 per month to Appellant for said purposes, for a period of fourteen months commencing with the month of June, 1952; and on or about September 1, 1953, an order directing the Bank to pay the sum of $325.00 per month to Appellant for said purposes, for a period of twelve months commencing with the month of July, 1953.

"VI. That there is a controversy between Appellant and Respondent and Appellant and the Bank in that Appellant contends that the oral contract was entered into by Appellant and Respondent as aforesaid, that said contract still exists, and that under its provisions Appellant is entitled, during the rest of his lifetime, to receive from Respondent or her estate reasonable care, including medical and dental care, and support and maintenance in accordance with the standard of living maintained by himself and Respondent during their marriage and prior to the time when Respondent became incompetent, whereas Respondent disputes the existence of said oral contract and denies that she has any obligation whatsoever thereunder and that Appellant has any rights whatsoever thereunder, and the Bank disputes the existence of the oral contract and denies that it or Respondent has any obligation whatsoever thereunder and that Appellant has any rights whatsoever thereunder.

"VII. That Appellant has received nothing whatsoever from Respondent or her estate for his care, support or maintenance under the oral contract since Respondent's adjudication as an incompetent, but has received the amounts provided by said court orders to be paid to him to the date of the Complaint.

"VIII. That Appellant requires, and at all times since February 15, 1951, has required, the sum of $415.00 per month for his care, including medical and dental care, and for his support and maintenance in accordance with the standard of living maintained by Appellant and Respondent during their marriage and prior to Respondent's having become incompetent."

The complaint then alleges that since respondent was adjudicated an incompetent, appellant has received nothing whatsoever under the alleged oral contract other than the amounts provided for by the foregoing probate court orders.

Judgment was prayed for as follows:

"1. Declaring and determining that the oral contract exists between Appellant and Respondent, and that it is valid in all respects.

"2. Declaring and determining Appellant's rights and obligations under the oral contract and the rights and obligations of Respondent and the guardian of her estate thereunder.

"3. For the sum of $4,980.00 per annum during the period of Appellant's lifetime remaining after February 15, 1951, payable in equal monthly installments, and for such additional sums as Appellant may require during said period for his reasonable care, including medical and dental care, and for his support and maintenance in accordance with the standard of living maintained by Appellant and Respondent during their marriage and prior to the time when Respondent became incompetent; and that against said sums there shall be credited the amounts paid to Appellant for said period pursuant to the order of the Court in said guardianship proceeding; or

"If it be determined that Appellant is entitled to judgment for sums required by him for his care, support and maintenance only until the time of the rendition of judgment, then for the sum of $415.00 per month during the period commencing with February 15, 1951, and ending with the time of the rendition of judgment, to be paid to him at the expiration of said period, and for such additional sums as he may require during said period for his reasonable care, including medical and dental care, and for his support and maintenance in accordance with the standard of living maintained by him and Respondent during their marriage and prior to the time when Respondent became incompetent; and that against said sums there shall be credited the amounts paid to Appellant for said period pursuant to the order of the court in said guardianship proceeding."

Respondent, through the bank as her guardian demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action, and said general demurrer was sustained without leave to amend.

■   With reference to the sufficiency of a complaint for declaratory relief, our Supreme Court, in *Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747], said: "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court."

Here, we are confronted with a complaint seeking declaratory relief, the allegations of which pleading set forth the execution of the foregoing oral contract. That appellant husband has fully performed his obligations under said contract and that the services he performed under the contract were accepted by respondent, but that her obligations under the oral contract have been breached in that appellant has received nothing *under the contract* for his care, support or maintenance since respondent was adjudicated an incompetent person. That there is a controversy between appellant and respondent, and between the former and the bank as guardian of the latter relating to the *existence* of the oral contract, and to the respective rights and duties of appellant, respondent and the bank thereunder. The prayer is that the court adjudicate the existence of said oral contract and the rights and duties of the respective parties thereunder.

Respondent urges, and the court below determined, that declaratory relief was not available to *establish the existence of a contract,* but was intended only to determine the rights of the parties under an *existing* contract. The gist of the court's holding in this regard is found in the following language contained in the "memorandum ruling":

". . . The very language of section 1060, 'any person interested . . . under a contract,' presupposes the existence of a contract and not the determination of whether a contract exists, but the cornerstone of the present action is the seeking of a judgment 'declaring and determining that said oral agreement exists between plaintiff and defendant.'

"Declaratory relief was made available for the interpretation of contract terms in instances of ambiguity, uncertainty or a controversy as to their effect, but plaintiff alleges the brief terms of this contract and does not allege any dispute

as to their interpretation or effect, he merely alleges that the defendant denies she ever made the agreement. The 'actual controversy' alleged in the amended complaint is not as to the terms of the contract but whether there is a contract.''

We are persuaded that the holding of the trial court was erroneous. ██ It is well established in our law that in declaratory relief actions the court may determine disputed questions of fact (*R. G. Hamilton Corp.* v. *Corum,* 218 Cal. 92, 95 [21 P.2d 413].) ██ In the instant case appellant alleges that an oral contract was executed under which he claimed some legal rights which he asked the court to determine and declare. We are impressed that if the court may determine disputed questions of fact, it has, as was stated in *Zimmer* v. *Gorelnick,* 42 Cal.App.2d 440, 447 [107 P.2d 34], ''. . . the power to take evidence of the existence of the contract upon which the asserted rights are based, and that so far as our code section is concerned, it makes no difference whether such contract be written or oral.'' The view expressed by the court in the case just cited finds support in the cases of *Columbia Pictures, Inc.* v. *DeToth, supra,* p. 760; *R. G. Hamilton Corp.* v. *Corum, supra,* p. 95; *Corporation of America* v. *Durham etc. Co.,* 50 Cal.App.2d 337, 342, 343 [123 P.2d 81]; *Tolle* v. *Struve,* 124 Cal.App. 263, 266 [12 P.2d 61]. We therefore hold that the court was in error in deciding that it was without power to determine the existence of the claimed and disputed contract between appellant and respondent.

We do not consider that the provisions of section 1061 of the Code of Civil Procedure are here involved. The ''Memorandum ruling'' of the trial court clearly indicates that the ruling made was not predicated upon the exercise of judicial discretion that declaratory relief should be denied because the determination sought was not necessary or proper at the time and under all the circumstances present (Code Civ. Proc., § 1061), but was based upon the conclusion that declaratory relief is not available when an oral contract is pleaded and its execution denied by the other party thereto.

Having concluded that the complaint is not vulnerable to general demurrer, it becomes unnecessary to pass upon the grounds of special demurrer. ██ It is erroneous for the trial court to sustain the demurrer without leave to amend because of defects in the form of pleading when the complaint is good as against a general demurrer. This decision is not intended as a holding that the complaint is not subject to

special demurrer. Upon the going down of the remittitur, the trial court may in its discretion require clarification of uncertainties and ambiguities or the correction of defects in the form of pleading.

For the foregoing reasons, the judgment is reversed as to defendant June Paschall Howard and affirmed as to defendant Bank of America National Trust and Savings Association as guardian of the Estate of June Paschall Howard.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 30, 1955, and respondent's petition for a hearing by the Supreme Court was denied May 4, 1955.