# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40827

MEDICAL RECOVERY SERVICES, LLC, )
an Idaho limited liability company, )
                                      )
    Plaintiff-Appellant, )
                                      )
v. )
                                      )
STEPHANIE STRAWN and JASON )
STRAWN, wife and husband, )
                                      )     Boise, February 2014 Term
    Defendants-Respondents, )
                                      )     2014 Opinion No. 32
and )
                                      )     Filed: March 19, 2014
BRANDON LEWIS and RENEE LEWIS, )
husband and wife, )     Stephen W. Kenyon, Clerk
                                      )
    Defendants-Respondents, )
                                      )
and )
                                      )
JOSEPH KNIGHT, )
                                      )
    Defendant-Respondent. )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Michelle Mallard, Magistrate Judge; Hon. Dane H. Watkins, Jr., District Judge.

The decision of the district court is <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. Bryan N. Zollinger argued.

Stephanie Strawn and Jason Strawn, Idaho Falls, respondents pro se.
Brandon Lewis and Renee Lewis, Idaho Falls, respondents pro se.
Joseph Knight, Idaho Falls, respondent pro se.

_____

1

J. JONES, Justice.

Medical Recovery Services, LLC (MRS), a licensed collection agency, appeals from the district court's order affirming default judgments entered by the magistrate court. MRS asserts that the magistrate erred in awarding attorney fees in the amount of the principal owed by the Respondents for medical services, as opposed to $350, which was the minimum amount that each Respondent contracted to pay.

## I.
## FACTUAL AND PROCEDURAL HISTORY

MRS filed three separate complaints—one against Jason and Stephanie Strawn, one against Brandon and Renee Lewis, and one against Joseph Knight—seeking to recover amounts due for medical services provided by Community Care Center, as well as interest, costs and attorney fees. MRS has included in the record only those documents pertaining to the Strawns, explaining that "each of the three cases appealed from have the same exact course of proceedings and same exact documents filed." None of the Respondents answered below or filed a response brief on appeal.

The relevant, albeit limited, facts are as follows: each Respondent received medical services from Community Care, a medical services provider. At the time the services were provided, each Respondent signed a Patient Sign-In Form, which included the following provision:

> I agree to pay my account in full at the time of services unless before services are performed Community Care agrees to other payment arrangements. I understand that Community Care will submit insurance benefits for payment only as a courtesy for me. I agree to pay 18% interest on the outstanding balance on my account with interest to commence 60 days after services even if payment from my insurance company is pending. I also agree to pay an additional service charge of 50 cents per month on my account. If Community Care assigns my account to a collection agency for collection [sic] all reasonable cost and attorney's fees incurred to collect on my account. I agree that a $20.00 collection fee shall be added to my account as a reasonable cost if Community Care assigns my account to a collection agency. I agree to pay as a reasonable attorney's fee $350 or 35% of the principal and interest on my account balance, whichever is greater, if my account is assigned to a collection agency and suit is filed to recover payment on my account.

Each Respondent's account indebtedness was assigned to MRS. MRS filed suit to recover payment from each Respondent and also sought $350 in attorney fees from each, based on the

2

contractual provision above. None of the Respondents answered the complaints filed by MRS, so MRS filed for default judgments to be entered in each case.

The magistrate court entered default judgments as to all Respondents but granted attorney fees in amounts less than the $350 that MRS was requesting under the contracts. The exact amounts of attorney fees awarded were $268.40 in the Strawn case, $192.98 in the Lewis case, and $300 in the Knight case. These amounts corresponded with the principal indebtedness owed by each Respondent. Specifically as to the Strawns, MRS asserted that they owed the following amounts:

| | |
|---|---|
| Principal: | $268.40 |
| Interest: | $ 35.96 |
| Attorney's fee: | $350.00 |
| Filing fee: | $ 88.00 |
| Service fee: | $110.00 |
| | |
| Total: | $852.36 |

It appears that the magistrate struck out the $350 figure on each of the proposed judgments prepared by MRS and inserted the indicated fee award by a handwritten, initialed annotation. No explanation for the court's action is contained on the face of the Strawn judgment. The record before the Court indicates that MRS filed a motion for reconsideration on April 17, 2012, but that motion is not included in the record on appeal. MRS asserts that the magistrate denied the motion on April 20, 2012, but no evidence of such order is contained in the record.

MRS appealed the cases to the district court where they were consolidated. MRS argued to the district court that the magistrate court committed reversible error by failing to award the $350 fee called for in the Community Care contracts and by relying upon a provision of the Idaho Collection Agency Act (ICAA) (I.C. §§ 26-2221−2251). On November 8, 2012, the district court entered its Memorandum Decision and Order, affirming the default judgments, including the fee awards. MRS filed a motion for reconsideration on November 21, 2012, which is not contained in the record. In its June 22, 2013 Memorandum Decision and Order Re: Motion for Reconsideration, the district court denied reconsideration and reaffirmed the magistrate. MRS filed a timely appeal to this Court.

## II.
## ISSUES ON APPEAL

I. Whether the district court erred in affirming the magistrate's award of attorney fees in an amount less than the $350 specified in the Patient Sign-In Form.

3

II.      Whether MRS is entitled to attorney fees on appeal.

### III.
### ANALYSIS

#### A. Standard of Review

The standard of review applicable when this Court reviews the decision of a district court sitting in its capacity as an appellate court is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–218 (2013) (citations omitted).

#### B. The district court did not err in affirming the magistrate's award of attorney fees.

MRS makes four arguments on appeal: (1) that the ICAA "is not applicable in this case because MRS, as assignee, is trying to enforce contracts between the debtors and medical service providers and not a contract between MRS and the debtors;" (2) the attorney fees are recoverable under I.C. § 26-2229A(4) as part of the "principal obligation" owing by the Respondents; (3) MRS is entitled to collect $350 in attorney fees on the basis of contract law; and (4) the lower courts' application of I.C. § 26-2229A(4) violated Community Care's constitutional rights. The district court held that MRS was subject to the ICAA, that attorney fees are incidental to the principal obligation of a debtor and therefore only collectible pursuant to the provisions of I.C. § 26-2229A(4), that the $350 minimum attorney fee sought by MRS was not in compliance with the statute, and that I.C. § 26-2229A was constitutionally applied in the cases.

##### 1. The ICAA clearly applies to these debt collection cases.

MRS first claims that the district court erred in holding that the ICAA applied to its collection actions against the Respondents.[1] According to MRS, the ICAA only applies to contracts entered into between debtors and collection agencies. Since the contracts that MRS was seeking to enforce were between the debtors and third parties, the ICAA has no application. That contention is wholly without merit. MRS acknowledges that it is a licensee under the ICAA.

---

[1] It is not entirely clear how the ICAA came into play in the magistrate court proceedings. MRS contends that it was raised by the magistrate judge and the district court seems to indicate that this is the case. Since the magistrate's order was not made a part of the record on appeal, this Court has no means of determining exactly what happened at that stage of the proceedings. If the magistrate judge did insert the ICAA into the proceedings *sua sponte*, we will not consider whether or not that was proper because the matter has not been raised as an issue on appeal.

Indeed, MRS is a collection agency and in the business of collecting debts for other parties. A "collection agency" is defined in I.C. § 26-2222(4) as "a person who engages in any of the activities enumerated in subsections (2) through (6) of section 26-2223, Idaho Code." Subsection (2) of I.C. § 26-2223 requires that a person be licensed under the ICAA in order to "[e]ngage, either directly or indirectly, in this state in the business of collecting or receiving payments for others on any other account, bill, claim or other indebtedness." I.C. § 26-2223(2). That is precisely what MRS is doing in the three cases before the Court and those collection actions are unquestionably subject to the provisions of the ICAA.

**2. Attorney fees are not part of the "principal obligation" under I.C. § 26-2229A(4).**

MRS next contends that, even if the ICAA applies, the district court erred in holding that the contractual $350 attorney fee is part of the principal obligation and not incidental to it. Therefore, MRS contends that the restrictions under I.C. § 26-2229A(4) do not apply to its actions. In other words, since the attorney fee is provided for in the contracts, it becomes part of the principal obligation and is not incidental to the principal obligation.

Idaho Code § 26-2229A(4) provides in relevant part:

> (4) No collection agency *licensee* . . . shall collect or attempt to collect any interest or other charges, fees, or expenses *incidental to the principal obligation* unless such interest or incidental fees, charges, or expenses:
>     (a) Are expressly authorized by statute;
>     (b) Are allowed by court ruling against the debtor;
>     (c) Have been judicially determined;
>     (d) Are provided for in a written form agreement, signed by both the debtor and the licensee, and which has the prior approval of the director [of the Idaho Department of Finance] with respect to the terms of the agreement and amounts of the fees, interest, charges and expenses; or
>     (e) Reasonably relate to the actual cost associated with processing a demand draft or other form of electronic payment on behalf of a debtor for a debt payment, provided that the debtor has preauthorized the method of payment and has been notified in advance that such payment may be made by reasonable alternative means that will not result in additional charges, fees or expenses to the debtor.

I.C. § 26-2229A(4) (emphasis added). Thus, I.C. § 26-2222A(4) prohibits MRS from collecting any "fees . . . incidental to the principal obligation," unless the fees fall within one of the five enumerated provisions. Rather than assert that it is entitled to $350 in attorney fees under one of the five enumerated provisions, MRS argues that the attorney fee award is part of the contractual debt and is not "incidental to the principal obligation."

5

Neither "fees" nor "principal obligation" is defined in the ICAA. *See* I.C. § 26-2222. The district court found that the "principal obligation" is the money Respondents owe Community Care for the services it provided, and that attorney fees "are subordinate to the debt" and thus, "'incidental to the principal obligation' for purposes of Idaho Code § 26-2229A(4)." We find no fault with the district court's holding.

Despite its contentions to the contrary, MRS essentially characterizes the attorney fee as incidental to the principal obligation in the Strawn complaint. The complaint states that "the debt herein sued upon was assigned by Community Care to the Plaintiff for purposes of collection." The complaint goes on to state that the Strawns are indebted to the Plaintiff in the sum of $304.36, consisting of $268.40, described as the "Principal Amount Owing" and $35.96 in prejudgment interest. Attached to the complaint is a prelitigation demand made under the "Federal Fair Debt Collection Practices Act 15 U.S.C. §§ 1692a to 1692o," stating the "Amount of Debt exclusive of interest: $268.40." The complaint prays for judgment "for the principal sum of $268.40, together with legal interest on said sum in the amount of $35.96, the filing fee of $88 and attorney's fees incurred herein in the sum of $350."

MRS' contention that the $350 attorney fee is part of the principal obligation is contrary to the specific allegations in its complaint and clearly not tenable under the language of the statute. The word "fees" as used in I.C. § 26-2229A(4) is certainly broad enough to encompass attorney fees and, indeed, it is hard to contemplate what fees the statute might pertain to if not for fees sought by attorneys attempting to collect the principal obligation on behalf of a client.

While there are no previous decisions directly on point under the ICAA, an early decision of this Court does provide some guidance. In *Fidelity Savings Assn. v. Shea*, 6 Idaho 405, 55 P. 1022 (1899), the Court had before it a loan contract secured by a mortgage. *Id.* at 410, 55 P. at 1023. The contract provided that "if any payment evidenced hereby is not paid when due, fines shall be added . . . together with all costs of collection, including an attorney's fee of ten per cent if collected by an attorney, foreclosure proceedings, or by suit at law." *Id.* at 411, 55 P. at 1023. In a foreclosure action, the trial court granted judgment "foreclosing the mortgage for $696.26, without costs." *Id.* at 412, 55 P. at 1024. The monetary judgment included an attorney fee of $59. *Id.* This Court struck the $59 fee award, holding that the "trial court erred in allowing an attorney fee to plaintiff, as such fee is no part of the debt, but extraordinary costs, and as such cannot be recovered." *Id.* at 416, 55 P. at 1025.

Furthermore, a cursory review of the statute discloses an intent on the part of the Legislature to subject all amounts sought to be recovered by a collection agency, other than the principal obligation, to judicial or administrative[2] scrutiny, including interest, fees, expenses, and other charges.

We emphasize that attorney fees are available to debt collection agencies under I.C. § 26-2229A(4), provided the fee sought falls within one of the five enumerated categories.[3] However,

---

[2] Of interest is the fact that the Director of the Idaho Department of Finance has issued Policy Statement 2007-6, setting out prejudgment settlement agreement terms that will comport with I.C. § 26-2229A(4)(d), without further action by the Department. While the provisions of the policy statement are not binding on the Court, the policy does reflect the Department's view of the scope of coverage of subsection (4). And, the policy provides a simplified procedure for collection agencies to essentially bypass judicial scrutiny of fees. It provides:

> If a licensee meets each of the following three (3) requirements in the settlement of a collection lawsuit, the Department will deem the agreed-upon settlement approved under Idaho Code § 26-2229A(3)(d), thus enabling licensees under the Act to enter into prejudgment settlement agreements in which licensees and debtors may mutually agree upon settlement terms that may include interest or other charges, fees, or expenses incidental to the debtor's principal obligation.
>
> 1. Evidence of the settlement agreement must be in a writing delivered to the debtor by the licensee and available for the Department's review in the debtor's file maintained by the licensee;
> 2. The settlement amount may not exceed the total of, (i) the amount of the principal obligation, (ii) court filing fees, (iii) accrued interest, and (iv) actually incurred third-party costs, including attorney fees as permitted by law; and
> 3. The settlement amount may only include the items set forth in paragraph 2, above, and may not exceed amounts permitted by law, calculated as of the settlement date.

It will not be necessary for licensees to submit written settlement agreements to the Department for approval. However, licensees must maintain sufficient records to document compliance with all three (3) of the requirements set forth above to the satisfaction of the Department. The record retention requirements of the Act apply to all such documentation.

[3] Had MRS sought to fit itself within one of these categories, it may well have been able to convince the magistrate that the minimum $350 fee was reasonable. After all, it takes a certain amount of paperwork to process and file a case, regardless of the amount involved. There is little precedent in Idaho dealing with set attorney fees but *Wooten v. Dahlquist*, 42 Idaho 121, 244 P. 407 (1926) does provide some guidance. That case involved a suit to collect upon a promissory note and foreclose a mortgage. The documents called for a fixed attorney fee of $200. The Court provided the following analysis:

> Appellant next brings up respondent's right to a judgment including $200 attorney's fees, for the reason that no allegation was made in the complaint that such sum was reasonable or that any liability had been incurred to pay that amount, and objected to the reopening of the case after trial for the purpose of making such proof. The agreement to pay an attorney fee in the event of suit being brought to collect the note and foreclose the mortgage may be pleaded either by setting forth *in haec verba* the provisions of the instruments to that effect, or by language pleading their legal effect. The bringing of the suit is judicially noticed; the amount of the fee fixed by the instruments is at least *prima facie* recoverable. (8 C.J. 1101) There is no allegation in the answer that the sum of $200 fixed in the note and mortgage is not a reasonable fee. Under such circumstances and in view of the fact that there was some evidence that respondent had agreed to pay as an attorney fee not less than $200, the court did not err in awarding the attorney fee.

rather than arguing that its fee request fits within one of such categories, MRS repeatedly asserted that the strictures of the statute did not apply to it. Nevertheless, the magistrate judge awarded MRS an attorney fee for each of the three cases and there is nothing in the record to disclose that the fee awards were inappropriate. Therefore, the district court properly affirmed them.

### 3. MRS has no standing to enforce the contract because it was only assigned the debt.

MRS also asserts that it is entitled to a $350 attorney fee award based on the contractual language contained in the Patient Sign-In Form. In essence, MRS contends that it steps into the shoes of Community Care and is therefore entitled to enforce the contract provision. This argument is meritless. The record does not disclose that MRS was assigned Community Care's contract rights under the Patient Sign-In Form. Rather, the complaint makes it clear that MRS was only assigned "the debt herein sued upon . . . for the purpose of collection." It did not step into the shoes of Community Care to assert that entity's contractual rights. Therefore, it has no standing to enforce the contracts entered into between Respondents and Community Care.[4]

### 4. I.C. § 26-2229A(4) is not unconstitutional as applied.

While MRS concedes that I.C. § 26-2229A(4) is not unconstitutional on its face, it contends that the application of the statute to its claim is violative of its constitutional rights. Specifically, MRS argues that the lower courts' application of the statute violated its right to equal protection under Art. 1 § 2 of the Idaho Constitution. According to MRS, under the lower courts' interpretation of I.C. § 26-2229(A)(4), a law firm representing a creditor such as Community Care would be able to collect the contractual attorney fee, while a collection agency would not be able to do so.

Again, this argument appears to assume that Community Care assigned its contract rights to MRS and that MRS had some vested property interest in the $350 attorney fee provided for in the contract. In this case, MRS is merely a debt collector without a contractual property interest.

Even if MRS did step into Community Care's shoes under the contract, the result would not be different. "It is generally presumed that legislative acts are constitutional, that the state

---

*Id.* at 130, 244 P. at 410. Thus, even where a set fee is agreed upon between parties, it is not necessarily immune from judicial scrutiny. Indeed, during oral argument, MRS' counsel conceded that a grossly disproportionate attorney fee might well be subject to a reasonableness determination by a court.

[4] Even assuming that Community Care had assigned its contract rights to MRS, it is doubtful that MRS could collect the $350 attorney fee without complying with I.C. § 26-2229A(4), since it still would be a licensed collection agency subject to the provisions of the ICAA.

8

legislature has acted within its constitutional powers, and any doubt concerning interpretation of a statute is to be resolved in favor of that which will render the statute constitutional." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). "The principle underlying the equal protection clauses of both the Idaho and United States Constitutions is that all persons in like circumstances should receive the same benefits and burdens of the law." *Bon Appetit Gourmet Foods, Inc. v. Dep't of Employment*, 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989).

The ICAA is not unconstitutional because it does not deal with persons "in like circumstances." The ICAA applies to collection agencies, not their clients, and in seeking to compare the two, MRS seeks to compare apples to oranges. As the district court noted:

> I.C. § 26-2229A(4) prevents collection agencies from collecting fees incidental to the principal obligation owed unless one of five exceptions is met. Creditors who are not licensed collection agencies are not subject to the same provision. The legislature may have perceived that consumers were more at risk for abuse stemming from the collection of incidental fees by collection agencies than other creditors. The ICAA still offers collection agencies the opportunity to collect reasonable attorney fees in pursuit of debt so long as one of the five exceptions list[ed] in § 26-2229A(4) is satisfied. I.C. § 26-2229A, in effect, restricts abusive debt collection practices and is rationally related to the purpose of protecting consumers.

The district court's analysis is sound. MRS has failed to show that the ICAA is unconstitutional either on its face or as it has been applied in this case.

### C. MRS is not entitled to attorney fees on appeal.

MRS asserts that it is entitled to attorney fees on appeal pursuant to I.C. §§ 12-120(1) and 12-120(3). Since MRS has failed to prevail on appeal, it is not entitled to a fee award.

## IV.
## CONCLUSION

We affirm the decision of the district court. No costs are awarded.

Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.

9