J. JONES, Chief Justice,
specially concurring.
I concur in the Court’s opinion, based on the facts and arguments presented by the parties. The case offered some interesting possibilities for development of the law in the collections arena but, based upon the litigation strategies adopted by counsel for the parties, the Court appropriately refrained from exploring them.
The first issue relates to the date upon which the appropriate statute of limitations commenced to run. The parties treated Ms. Lowe’s credit card indebtedness as an open account under Idaho Code section 5-222, which provides that a “cause of action is deemed to have accrued from the time of the last item proved in the account on either side.” Both sides asserted that the statute here began to run from the date of Lowe’s last payment on each of the accounts. As the Court noted, however, that does not determine which statute of limitations applies.
This was styled for statute of limitations purposes as an action to recover upon a contract. Lowe contended that the contract was oral, thereby invoking the four-year statute of limitations in Idaho Code section 5-217. Unifund contended that the defaulted accounts were “founded upon an instrument in writing,” requiring application of the five- *757 year statute of limitations in Idaho Code section 5-216.
Neither party raised the question of whether the language of the Card Agreements should determine when the right of action accrued. The right to sue under a contract commences upon a breach of the contract. The two Card Agreements in this case provide, ‘You default under this Agreement if you fail to pay the Minimum Amount Due by its due date____or default under any other Card Agreement that you have with us.” A default under either of the contracts at issue here does not necessarily coincide with the last payment date. A failure to make a minimum payment by its due date could occur either before or after the last payment. At oral argument neither counsel was aware of when a default under either agreement actually occurred. Thus, there was no basis to address this issue in the opinion.
Neither did the Court get a full picture of the agreements that were entered into between Lowe and Citibank. The only agreements contained in the record are the two Card Agreements, both bearing a 2010 copyright. Although Lowe makes the argument for the first time on appeal that this cannot suffice to establish a written agreement, since the 2010 date is clearly after the last payment made in 2009 on either account, Lowe did not make such an argument in district court, nor did she object to this evidence or seek to strike it. Neither party brought to the district court’s attention the original applications that Lowe made for either account or any card agreement that preceded the 2010 version.
Although the parties agreed that Lowe defaulted and was delinquent on both accounts, there was limited discussion by the parties as to whether Unifund could invoke the provisions of the Card Agreements in this case. It is clear that Unifund could not automatically step into Citibank’s shoes under the Card Agreements. Lowe’s accounts were sold to Pilot Receivables Management, LLC, on June 18, 2012, pursuant to a Bill of Sale and Assignment. That document did not purport to assign the entirety of Citibank’s contract rights under the Card Agreements to Pilot. On September 1, 2012, Pilot assigned Lowe’s accounts to Unifund CCR, LLC, for collection purposes. The Assignment states that Pilot assigned all of its “rights in the Receivables, for collection purposes only,” and that Pilot “shall retain title and ownership of such Receivables.”
Both in district court and on appeal, Uni-fund claimed that it was entitled to invoke the choice of law provision in the Card Agreements, which called for the application of South Dakota law, particularly the six-year South Dakota statute of limitations. In response, Lowe contended that Citibank did not assign its contract rights to Pilot and that Unifund had only received the right to collect the amounts she owed. Therefore, Lowe contended that Unifund had no basis to invoke the choice of law provision. In support of her argument, Lowe cited to this Court’s decision in Medical Recovery Services, LLC v. Strawn, 156 Idaho 153, 321 P.3d 703 (2014). In that case, we held that a collection agency did not “step into the shoes of [a creditor] to assert the [creditor’s] contractual rights,” where the agreement between the creditor and the collection agency only assigned “the debt herein sued upon ... for the purpose of collection,” rather than the creditor’s contract rights, and that the collection agency had no standing to enforce those contract rights. Id. at 158, 321 P.3d at 708. The district court did not specifically rule upon the choice of law issue, but did apply Idaho law with respect to the issues decided. Even if this constituted an implied ruling on the issue, it is not appropriate to consider the issue on appeal since Unifund failed to file a cross appeal on that issue.
The Court’s award of attorney fees on appeal is correct, based upon the particular facts of this case, but that does not necessarily mean that a fee award would be available to an account collector such as Unifund in every instance. In this case, Unifund asserted entitlement to a fee award on appeal “under I.C. § 12-120(1) and (3) and pursuant to the contractual provisions of the Account Agreement.” The Court correctly observes that Idaho Code section 12-120(1) does not provide the basis for a fee award because no written demand was made upon Lowe prior *758 to the commencement of the action. Neither could Unifund claim fees under the Card Agreements because it was not assigned Citibank’s contract rights under those agreements.
Unifund made a bare-bones claim for attorney fees on appeal, asserting that this ease involved a civil action to recover on a contract relating to the purchase of financial services. Lowe failed to assert any arguments in opposition, to point out that there was no contract or commercial transaction between her and Unifund, or to point out the paucity of argument in support of Unifund’s claim. Rather, Lowe provided support for that claim by advancing her own argument in support of a fee award in her favor under section 12-120(3). She agreed that her transaction with Citibank “qualifies under I.C. § 12-120(3) as a service.” She continued,
Here, the agreement between Citibank and Ms. Lowe would provide funds to stores, restaurants, and the like whenever Ms. Lowe wanted to make purchases and that Ms. Lowe would pay Citibank after receiving a written statement. This is a service Citibank provided. All service contracts are encompassed by I.C. § 12-120(3).
“Where a party alleges the existence of a contractual relationship of a type embraced by I.C. § 12-120(3), that claim triggers the application of the statute, and the prevailing party may recover fees even though no liability under a contract was established.” Huyett v. Idaho State University, 140 Idaho 904, 911, 104 P.3d 946, 953 (2004). By seeking fees on appeal from Unifund, Lowe certainly appears to imply a contractual relationship between them, even though it does not appear that one actually existed. Nevertheless, the allegation triggered the application of Section 12-120(3).